JOHN D. SMIDDY

*v.*

STATE OF ILLINOIS.

*Opinion filed November 28, 1922.*

GOVERNMENTAL FUNCTION—*when State not liable.* The State in conducting the Illinois State Reformatory at Pontiac exercises a governmental function, and is not liable to its employees for injuries sustained through the tortious act of. an inmate of the institution.

SOCIAL JUSTICE AND EQUITY—*when allowance will be made.* Although there may be no legal liability against the State where the facts and circumstances justify the Court will as an act of social justice and equity enter an award in favor of claimant.

Edward J. Brundage, Attorney General, for State.

This is a claim for compensation for injuries received by the claimant while in the performance of duties as a guard at the Illinois State Reformatory at Pontiac, Illinois on April 9, 1918, and again while acting as a guard and superintendent of a squad of prisoners from the Illinois State Penitentiary at Joliet, Illinois, who were doing sewer ditch work at the Illinois State Colony near Dixon, Illinois. There is no dispute as to the facts in the case. The claimant then a man 58 years of age received the first injury from blows dealt him on the head with a drill gun in the hands of an inmate of the Illinois State Reformatory, as a consequence of which he received a fracture of the skull and was confined to his bed at his home for about five weeks. The second injury, an assault upon the claimant while in the discharge of his duties was made by a prisoner from the Illinois State Penitentiary at Joliet over whom the claimant had charge. He was struck with an iron implement and his jaw broken. Testimony of physicians who treated him shows that it took about two years for the jaw to mend completely and that the physical condition of the claimant as a result of his injuries is such that he is unable to pursue his former regular employment.

It is not seriously contended that there is any legal liability upon the State in this case, and the Court holding to .its already extensive line of decisions in cases of this kind, holds that there is none, but the facts of this case on the other hand, clearly show it to be one of the character in which this Court has repeatedly stated that the doing of equity and social justice requires an allowance to be made to the claimant. He has suffered painful injuries and a lasting disability while engaged in a dangerous duty in behalf of the State of Illinois.

It is therefore recommended by this Court that the sum of four thousand dollars be paid to the said claimant.